UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN RIVERA,<br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY, and JOHN DOE(S) #1-39,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 5:26-cv-0787 |

**OPINION**

**Defendant Progressive Specialty Insurance Company's Motion to Dismiss Count II of the Amended Complaint, ECF No. 19 – Granted**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**August 4, 2026**

## I. INTRODUCTION

This case stems from a motor vehicle accident. Plaintiff Carmen Rivera was driving her car in Allentown, Pennsylvania, when she was rear-ended by an uninsured motorist. Rivera sought coverage under her policy with Defendant Progressive Specialty Insurance Company ("Progressive"), which provided for uninsured motorist coverage, but received an offer well-below her policy limits. Rivera filed suit against Progressive and several unnamed "John Doe" Defendants for breach of contract and bad faith. The case was initially filed in the Court of Common Pleas of Lehigh County but was removed to this Court by Progressive pursuant to 28 U.S.C. § 1332. Progressive moved to dismiss the bad faith claim against it under Fed. R. Civ. P. 12(b)(6), and Rivera moved to remand the case to state court, arguing that the jurisdictional amount-in-controversy requirement is not met. This Court denied Rivera's Motion to Remand and dismissed the bad faith claim against Progressive without prejudice. Rivera has since filed an Amended Complaint. Now Progressive moves to dismiss the bad faith claim brought against it (Count II) with prejudice. For the reasons explained below, the Court will grant the Motion.

## II. BACKGROUND

### A. Factual Allegations

On February 28, 2025, while driving her car in Allentown, Pennsylvania, Carmen Rivera was rear-ended by another driver: third-party tortfeasor Elisha Torres. *See* Am. Compl. ¶¶ 12-15, ECF No. 18. Rivera alleges that, as a result of the collision, she suffered significant and serious physical pain, mental anguish, emotional pain, and depression. *Id.* ¶ 19. Specifically, Rivera alleges that she suffers from the following physical injuries:

> concussion without loss of consciousness, traumatic brain injury, post-concussion syndrome, post traumatic headache, convergence insufficiency, deficient saccadic eye movement, deficient smooth pursuit eye movements, disorder of vestibular function, unsteadiness on feet, major depressive disorder, generalized anxiety disorder, strain of muscle, fascia, and tendon at neck level, headache, dizziness, light sensitivity, sleep disturbance, lumbar strain, myopic astigmatism, visual disturbances with blurred and/or hazy vision, tinnitus and other impairments involving executive brain function, head, cervical, thoracic, lumbar, and sacral spine, spinal cord, bilateral ears, shoulders, arms, wrists, hands, fingers, hips, legs, and toes. Plaintiff also sustained psychological and behavioral injuries, orthopedic injuries, and limitations in activities of daily living, which may be permanent.

*Id.* Rivera further alleges that the injuries "will continue to require medical treatment, surgery, physical therapy, x-rays, diagnostic testing, use of pain medications, medical support equipment, and the use of rehabilitation services." *Id.* ¶ 22. She also alleges that she suffers from "permanent neurological, vestibular, and psychological impairments." *Id.* ¶ 60(p).

At the time of the collision, Rivera was insured by Progressive Specialty Insurance Company ("Progressive") and her policy provided for uninsured and underinsured motorist coverage in the amount of $50,000 per person and $100,000 per incident with non-stacked coverage. *Id.* ¶¶ 34-35. Rivera alleges that "Elisha Torres, and/or John Doe(s), represented that the[] vehicle carried liability coverage through Glacier Insurance," *id.* ¶ 15, but that "Glacier Insurance denied liability coverage as [Elisha] Torres, and/or John Doe(s) was not a named insured on the policy," *id.* ¶ 16. Third-party tortfeasor Elisha Torres did not maintain liability

coverage for the vehicle she was driving, *id.* ¶ 39, and Rivera alleges that she timely notified Progressive of this fact, *id.* ¶ 60(b). Rivera filed an uninsured motorist claim with Progressive, *id.* ¶¶ 39, 42, and on October 6, 2025, Progressive conveyed a settlement offer of $19,000, which it believed "represent[ed] the fair value of the claims," *id.* ¶ 40. Rivera, however, believes this to be insufficient compensation for her injuries, *see id.* ¶¶ 54, 60, and claims that Progressive's unsatisfactory offer "compound[ed] the psychological injuries she already sustained, including major depressive disorder and generalized anxiety disorder," *id.* ¶ 60(y).

**B. Procedural History**

On January 7, 2026, Plaintiff Rivera initiated this action against Progressive and thirty-nine unnamed "John Doe" Defendants (John Does #1-39), in the Court of Common Pleas of Lehigh County. *See* Compl, ECF No. 1 at Ex. "A." Rivera's Complaint brought two claims for breach of contract related to the uninsured motorist claim, one against Progressive (Count I) and one against the John Doe Defendants (Count III). *See id.* Rivera's Complaint also brought two bad faith claims, one against Progressive (Count II) and one against the John Doe Defendants (Count IV). *See id.* Progressive removed the case to this Court on February 6, 2026, alleging complete diversity jurisdiction. *See* Notice of Removal, ECF No. 1.

On February 13, 2026, Progressive filed a Motion to Dismiss Count II of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 10. Rivera also filed a Motion to Remand on March 2, 2026, arguing that Progressive failed to show that the $75,000 amount-in-controversy was met for diversity jurisdiction. *See* ECF No. 12. On May 11, 2026, this Court denied Rivera's Motion to Remand and granted Progressive's Motion to Dismiss Count II of the Complaint without prejudice and with leave to amend. *See* ECF Nos. 16-17.

Rivera filed an Amended Complaint on May 13, 2026. *See* ECF No. 18. Rivera's Amended Complaint brings the same counts against each of the respective parties. *See id.* Count

II alleges that Progressive acted in bad faith by failing to conduct a fair investigation of Rivera's claims, failing to conduct a thorough evaluation of her injuries; making an unreasonably low settlement offer in disregard for Rivera's medical bills and related expenses, failing to re-evaluate the uninsured motorist claim after receiving "updated medical records documenting the progression and permanence of her injuries[,]" and acting in a generally "frivolous," "unfair," and "unreasonable" manner. *See id.* ¶¶ 60(a)-(y). Rivera seeks recovery under her policy with Progressive, and requests money damages "in an amount in excess of Fifty Thousand Dollars ($50,000.00), including compensatory damages, punitive damages, interest, costs of suit, attorney's fees," and any other damages allowed under Pennsylvania law. *Id.* ¶ 65.

On May 27, 2026, Progressive filed a Motion to Dismiss Count II of the Amended Complaint, *see* Motion, ECF No. 19, and a Brief in Support thereof, *see* Pl. Br., ECF No. 20. On June 17, 2026, Rivera filed a Response to the Motion to Dismiss. *See* ECF No. 24. The matter is now fully briefed and ready for decision.

## III. LEGAL STANDARDS

### A. Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678-79 (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Also, a "document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations and italicization omitted). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B. Bad Faith Claims – Review of Applicable Law**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-cv-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 WL 3203405, at *2 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this

Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 WL 3181743, at *4. The plaintiff's evidence must be "so clear, direct, weighty and convincing as to enable a clear conviction, without hesitation about whether or not the defendants acted in bad faith." *Houtz v. State Farm Fire and Cas. Co.*, 754 F. Supp. 3d 594, 598-99 (E.D. Pa. 2024) (quoting *J.C. Penney Life Ins. Co. v. Pilosi*, 393 F.3d 356, 367 (3d Cir. 2004)).

## IV. ANALYSIS

Much like the Complaint, Rivera's Amended Complaint now makes several unsubstantiated allegations of bad faith conduct. Count II alleges that Progressive's offer of $19,000 "bears no reasonable basis or rational relationship to the economic and non-economic losses she sustained," and that Rivera "submitted documentation of damages far exceeding that amount." Am. Compl. ¶ 60(a). However, such documentation has not been provided with, nor summarized in, the Amended Complaint. *See generally id.* Rivera again recounts a host of injuries from which she suffers, that allegedly stem from the date of the motor vehicle accident. Rivera suggests that she has received, and will continue to require, various medical treatments for these injuries which require her to "expend various sums of money and incur[] various expenses," *id.* ¶ 21, but she does not itemize those expenses, nor provide documentation of the medical charges she has incurred. Rivera does not even provide a rough estimate of her incurred medical expenses, other than to say they "far exceed" the $19,000 settlement amount offered by Progressive. *Id.* ¶ 60(a). Unlike the Complaint, which at least attempted to attach supporting documentation, *see* Compl., Ex. "C,"[1] the Amended Complaint contains no attachments,

[1] Exhibit "C" of the Complaint featured a copy of an October 6, 2025 email communication from the claims department at Progressive, offering $19,000 to settle Rivera's

exhibits, or supporting documentation. *See generally* Am. Compl. Thus, the Court cannot infer that the sum of these medical bills did not total $19,000, or that Progressive's offer otherwise reflected "an underlying element of self-interest or ill will." *See O'Brien*, 2021 WL 3203405, at *2.

To the extent Rivera argues that Progressive failed to re-evaluate her claims *after* she provided additional documentation of her medical expenses, *see* Am. Compl. ¶ 60(d), she does not tell the Court on which days she sent such documentation to Progressive, nor how she was made aware, after the fact, that Progressive had no intention of re-evaluating its assessment of her claim. This Court already found in its May 2026 Opinion, in contrast to this assertion by Rivera, that the email communication she received from Progressive on October 6, 2025 nearly promised that Rivera's claim would be re-assessed "as new information comes in." *See* ECF No. 16 at 13 (citing Compl. Ex. "C."). The Amended Complaint does not refute this.

Rivera once more alleges that Progressive engaged in "dilatory and obstructive" claims-handling practices, which caused "delays in correspondence, evaluation, and settlement negotiations," despite the fact that "Plaintiff timely notified [Progressive] of the uninsured status of tortfeasor Elisha Torres's vehicle following Glacier Insurance's denial of coverage." Am. Compl. ¶ 60(b). Yet, Rivera does not allege on what date Glacier Insurance denied coverage, on what date she learned of the third-party's uninsured status, or on what date she communicated this to Progressive. Rivera also does not allege the date on which she officially filed her uninsured motorist claim, only that she "notified the Corporate Defendants of her intent to

---

uninsured motorist claim "based on the information [they] ha[d] to date" regarding Rivera's medical bills, including those from Good Sheperd Rehabilitation, Lehigh Valley Hospital, LVPG Concussion and Head Trauma, VHP Centro De Salud, and CRB MRI. *See* Compl., Ex. "C," ECF No. 1.

pursue an uninsured motorist claim" upon learning that the third-party tortfeasor(s) did not maintain liability coverage, *id.* ¶ 39, and that she officially "made" an uninsured motorist claim "[p]rior to the filing of th[e] Complaint," *id.* ¶ 42. Without greater specificity as to *when* these events occurred, the Court cannot assume that any of Progressive's actions taken *in response to* these events were dilatory.

Moreover, Rivera's remaining allegations—that Progressive acted generally in an "unreasonable" and "unfair" manner, *see id.* ¶¶ 60(f), (o), (u)-(v)—provide insufficient detail as to where, when, and how Progressive acted inequitably.[2] *See Rosenberg v. Amica Mut. Ins. Co.*, No. 18-cv-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. 18-cv-406, 2018 WL 4944372 (W.D. Pa. July 30, 2018). Accordingly, the Court cannot find that Rivera's evidence is "clear and convincing" with respect to Count II. *Camp*, 2016 WL 3181743, at *4. Since Rivera has once again failed to accompany her claim of bad faith with "factual allegations sufficient to raise the claim[] to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss," *id.*, the Court will dismiss Count II of the Amended Complaint. This dismissal is with prejudice, because Rivera has demonstrated that further amendment would prove futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

---

[2] The Court notes that, as to the question of "how," Rivera appears to allege in her Response in Opposition to the Motion to Dismiss that Progressive acted unfairly by "fail[ing] to conduct an IME" (*i.e.*, an Independent Medical Examination). *See* ECF No. 24. Rivera alleges that this demonstrates that Progressive failed to conduct "other reasonable investigative steps" before making its settlement offer. Based on the lack of factual detail in Rivera's allegations, as explained above, this Court disagrees.

## V. CONCLUSION

The Court finds that Rivera has failed to allege facts sufficient to state a bad faith claim against Progressive, and thus dismisses Count II of the Amended Complaint with prejudice. Progressive's Motion to Dismiss Count II of the Amended Complaint is granted.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_________
JOSEPH F. LEESON, JR.
United States District Judge